UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| NORMAN G. COLSON, JR., | ) |
| Plaintiff, | ) |
| v. | ) No. 3:08mc00023 |
| ANGELA NEGRIN, ET AL., | ) **JUDGE HAYNES** |
| Defendants. | ) |

3 08 0173

## MEMORANDUM

Plaintiff, a prisoner in the Robertson County Detention Facility, filed this *pro se* action under 42 U.S.C. § 1983 against the Defendants: Officer Angela Negrin and the Coopertown Police Department. Plaintiff alleges that Officer Negrin violated his rights under the Fourth Amendment when she arrested him. Plaintiff seeks damages and injunctive relief.

According to Plaintiff's complaint, a police officer stopped his vehicle for speeding on Interstate 24 [1] (Docket Entry No. 1, ¶ IV, p. 5) Plaintiff alleges that after handcuffing him, Officer Negrin searched the trunk of the vehicle and found a set of keys to a lockbox in the trunk. (Docket Entry No. 1, ¶ IV, p. 5) Officer Negrin searched the lockbox and found what Plaintiff describes as "medication and a notebook that [Plaintiff] use[d] to keep track of travel expenses . . ." (Docket Entry No. 1, ¶ IV, cont. p.) Plaintiff alleges that Officer Negrin lacked permission to search his vehicle and miscalculated the substances found in the bottles recovered from the lockbox. (Docket Entry No. 1, ¶ IV, cont. p.)

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on

---

[1] Plaintiff asserts that the stop occurred on Sunday, November 18. However, he does not indicate in what year the stop was made.

which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

To state a claim under § 1983, Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

According to his complaint, Plaintiff is a pre-trial detainee awaiting trial on charges stemming from his arrest. A favorable ruling by this Court on Plaintiff's search and seizure claim would impact issues and proceedings before the state court. Thus, the district court must abstain from hearing his claim under *Younger v. Harris*, 401 U.S. 37 (1971), because to do so would interfere with a pending state criminal proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).

If Plaintiff has been convicted in the state court for events related to his search and seizure

2

claim, then his § 1983 claim would impact the invalidity of his conviction. Where a Section 1983 claim would impact the validity of a criminal conviction, that 1983 claim does not arise until that conviction has been reversed on direct appeal, or expunged by executive order or declared invalid by a state tribunal, or by a federal court's issuance of a writ of *habeas corpus*. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994); *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). *Heck* bars Plaintiff's claim at this time.

For the above reasons, Plaintiff's complaint fails to state a claim on which relief may be granted at this time.

An appropriate Order will be entered.

William J. Haynes, Jr.
United States District Judge
2-14-08

3

Case 3:08-cv-00173   Document 3   Filed 02/20/08   Page 3 of 3 PageID #: 14